Per Curiam.

The testimony in this ease fails to establish that at any particular time, per verba de prcesenti, a definite common-law contract of marriage was entered into between the parties. This is necessary undér the Florida law which here governs (Chaves v. Chaves, 79 Fla. 602; McClish v. Rankin, 153 Fla. 324; Thompson v. Harris, 148 Fla. 329). Since both parties were before the court and testified on this precise point, the fact that, for obvious reasons of public propriety, there was a holding out to the general public, such as here occurred, that the parties had been married, does not of itself establish the existence of a specific contract of marriage (Schouler on Marriage, Divorce, Separation & Domestic Relations [6th ed.], § 1182, p. 1439).
Both of these parties were mature and had previously been married in ceremonial form. The plaintiff had been a widow for upwards of fourteen years and the defendant divorced from his first wife. The whole history of the relationship between the parties from its outset to its determination, and, within a few weeks thereafter, the subsequent remarriage by the defendant of his divorced wife, all negative the existence of any such common-law marriage as is here claimed.
The burden of proof in the primary sense is on one who claims the existence of a common-law marriage, not on the one who contests it. ‘1 The validity of any alleged common-law marriage is always open to suspicion ” (Boyd v. Boyd, 252 N. Y. 422, 428). As the highest court of Florida put it, the court should ‘ ‘ examine the evidence of such transactions [common-law marriages] with *545 increasing caution for as the [historic] reasons for making informally a contract of such moment become more obscure, so should the effort to establish it grow more difficult ’ ’ (McClish v. Rankin, 153 Fla. 324, 331, supra). The record clearly shows that the plaintiff has failed to sustain the burden of proof. The plaintiff undoubtedly hoped and may have expected that her relationship with the defendant would end in a lawful marriage; her hopes and expectations, however, were not realized; but no common-law marriage was ever entered into between the parties. Moreover, taken as a whole, plaintiff’s testimony shows that she was dissatisfied with the relationship existing between herself and the defendant; that she did not consider herself to be married to the defendant but was constantly endeavoring to get him to marry her in the only way she understood a marriage to be valid and binding. There was no mutual or reciprocal agreement to live together as lawfully wedded man and wife (Matter of Pratt, 233 App. Div. 200).
The judgment below should be reversed on the facts and on the law and the complaint dismissed on the merits, without costs. Settle order and new findings of facts and law in accordance with the foregoing decision.
Glennon, J. P., Cohn, Callahan, Van Vooehis and Shientag, JJ., concur.
Judgment unanimously reversed and the complaint dismissed on the merits, without costs. Settle order and new findings of facts and law in accordance with the opinion herein.